UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

ROSEMARY C.,                )
                            )
        Plaintiff           )
                            )
v.                          )   No. 1:17-cv-00282-GZS
                            )
NANCY A. BERRYHILL,         )
Acting Commissioner of Social Security, )
                            )
        Defendant           )

### RECOMMENDED DECISION ON MOTION FOR EAJA ATTORNEY FEES

In this district, the Commissioner of Social Security and many plaintiffs "have been at loggerheads over the appropriate paralegal rate . . . for some time." Defendant's Opposition to Plaintiff's EAJA [Equal Access to Justice Act] Application for Fees and Expenses ("Opposition") (ECF No. 18) at 1-2 n.1. To resolve the impasse, the court convened an evidentiary hearing on November 19, 2018, in this case and two others, *Traci H. v. Berryhill*, No. 1:16-cv-00568-JAW (D. Me.), and *Buck S. v. Berryhill*, No. 2:17-cv-00465-JDL (D. Me.), to address whether the time has come for an upward adjustment in the hourly rate of $90 that this court has awarded in recent years in EAJA fees for paralegal work in Social Security disability appeal cases.[1] I conclude, and recommend that the court find, that it has.

The plaintiff seeks a fee award pursuant to the EAJA, 28 U.S.C. § 2412(d), of $3,113.72 for 8.8 hours of attorney time and 12.5 hours of paralegal time expended in connection with this Social Security benefits appeal. *See* Application for EAJA Fees ("Motion") (ECF No. 16) & [Fee Invoice], Exh. A (ECF No. 16-1) thereto, at [2]. The commissioner's sole objection is to the hourly

---

[1] In addition, Judge Hornby deferred ruling on a pending EAJA fee petition in a fourth case, *Jerri H. v. Berryhill*, pending the resolution of the instant paralegal fee rate matter. *See* Procedural Order (ECF No. 23), *Jerri H. v. Berryhill*, No. 2:17-cv-453-DBH (D. Me. Oct. 16, 2018).

1

rates of $110 sought for 12 hours of work by the plaintiff's attorney's experienced paralegals and $100 sought for a half-hour of work by a relatively new, non-specialized paralegal. *See* Motion at [4] & n.2; Opposition at 3-6.

For the reasons that follow, I conclude that the plaintiff has shown that an increase to $105, rather than the $110 requested, is warranted in the hourly rate of experienced paralegals assisting in Social Security disability appeal cases in this district. Hence, I recommend that the court grant the Motion in part and award EAJA fees totaling $3,051.22, consisting of $1,743.72 for 8.8 hours of attorney time at $198.15 per hour, $1,260 for 12 hours of the time of experienced paralegals at $105 per hour, and $47.50 for a half hour of the time of an inexperienced paralegal at $95 per hour.[2]

## I. Evidence Presented

The plaintiff presented two witnesses, Portland, Maine, attorney Robert Edmond Mittel, Esq., the senior member of MittelAsen, LLC, and her own attorney, Francis M. Jackson, Esq., a founding partner of Jackson & MacNichol, and offered 11 exhibits, which were admitted without objection, as well as two demonstrative aids. Those exhibits consist of (i) a declaration and supplemental declaration of Attorney Mittel, *see* Plaintiff's Exhs. 5-6, (ii) two Bureau of Labor Statistics ("BLS") price index measures, *see* Plaintiff's Exhs. 10-11, (iii) excerpts from two paralegal billing surveys, *see* Plaintiff's Exhs. 3-4, (iv) records from two Social Security EAJA fee cases decided in this court and a copy of a decision in a third, *see* Plaintiff's Exhs. 7-9, and (v)

---

[2] My research indicates that this court has not previously distinguished between experienced and inexperienced paralegals in awarding EAJA fees in Social Security cases, presumably because the paralegals for whose work fees have been sought happen to have been experienced. This case raises the need to make that distinction, a lower rate having appropriately been sought for the work of an inexperienced paralegal. Because neither side presented evidence or argument concerning the market rate for an inexperienced paralegal, and the commissioner does not separately address the plaintiff's hourly discount of $10 from the rate sought for experienced paralegals, *see* Opposition at 3-6, I adopt the $10 discount, awarding a fee for the inexperienced paralegal at an hourly rate of $95.

2

affidavits of local attorneys Andrea Bopp Stark, Esq., and John H. Montgomery, Esq., filed in this court in support of fee awards in non-Social Security cases, including awards for paralegal work, *see* Plaintiff's Exhs. 1-2.[3]

The commissioner presented no witnesses and offered three exhibits, which were admitted without objection, as well as one demonstrative aid. Those exhibits are (i) an affidavit of Rami M. Vanegas, Assistant Regional Counsel for the Social Security Administration, Office of the General Counsel ("OCG") – Region One, *see* Defendant's Exh. 1 and (ii) two decisions of the United States District Court, District of Massachusetts, in which the plaintiff's attorney's law firm requested, and was awarded, EAJA paralegal fees in Social Security cases at an hourly rate of $90, *see* Defendant's Exhs. 2-3.

At the close of the hearing, I heard oral argument.

## II. Applicable Legal Standard

The EAJA provides, in relevant part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The EAJA allows fee reimbursement to a prevailing party for "reasonable fees and expenses of attorneys[.]" *Id*. § 2412(b). In turn, the "amount of [attorney] fees awarded under this subsection [2412(d)] shall be based upon prevailing market rates for the kind and quality of the services furnished," subject to a statutory cap of $125 per hour, "unless the

---

[3] Prior to the hearing, the plaintiff also filed a statement of case authorities listing nine cases. *See* [Statement of Case Authorities] ("Plaintiff's Authorities") (ECF No. 32). Seven of those cases, issued by this court, are among 10 listed in one of the plaintiff's demonstrative aids, which I discuss below. *Compare id*. *with* Plaintiff's Exh. 13. The remaining two cases, issued by other jurisdictions, also are discussed below.

court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." *Id*. § 2412(d)(2)(A).

This court has adopted, as the measure of whether cost of living adjustments above the $125 cap are warranted, the BLS Consumer Price Index – All Urban Consumers, Not Seasonally Adjusted, U.S. city average, All items ("CPI-U-ALL"). *Quint v. Barnhart*, Civil No. 05-135-B-W, 2006 WL 1495004, at *1, 3 (D. Me. May 25, 2006) (rec. dec., *aff'd* June 13, 2006).

The Supreme Court has construed the phrase "reasonable fees . . . of attorneys" to encompass paralegal fees, holding that "a prevailing party that satisfies EAJA's other requirements may recover its paralegal fees from the Government at prevailing market rates." *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 590 (2008).

"The plaintiffs bear the burden of establishing the reasonableness of the rates and hours submitted in their application for fees." *Mason v. Me. Dep't of Corr.*, 387 F. Supp.2d 57, 60 (D. Me. 2005).

### III. Discussion

At hearing, the parties agreed that the appropriate market for purposes of determining the prevailing market rate pursuant to *Richlin* is the District of Maine. The commissioner conceded, as she had in two teleconferences with counsel held in preparation for the hearing, that some upward adjustment is warranted. She proposed that it be calculated by the percentage increase in the CPI-U-ALL since the court's award of paralegal fees at a $90 rate in *Knudsen v. Colvin*, No. 2:14-cv-155-JHR, 2015 WL 5628784 (D. Me. July 31, 2015). By her calculations, this would result in an hourly rate of $96 to $97.[4] She argued that, to avoid this type of litigation in the future,

---

[4] It is unclear whether the commissioner proposed to calculate the percentage increase from the date paralegal services first were performed in *Knudsen* (in 2014) or the date on which the decision was issued (in 2015). At oral argument, her counsel mentioned both dates. However, because, as explained below, I find a different starting point appropriate, I need not resolve that issue.

4

the court should henceforth automatically adjust EAJA paralegal fee rates for work in Social Security disability appeal cases pursuant to the same index, the CPI-U-ALL.

The plaintiff advocated for the use of either or both of two other BLS indices that she contended yield more targeted and accurate results: the Producer Price Index industry group data for Legal services, not seasonally adjusted ("PPI/Legal"), which does not break data down for regions or states, *see* Plaintiff's Exh. 10, and/or a CPI index measuring Other personal services in Northeast urban, all urban consumers, not seasonally adjusted ("CPI-U/Northeast Services"), *see* Plaintiff's Exh. 11. She argued that the increase should be calculated for the period since July 2013, when Social Security paralegal services first were performed for which this court awarded fees at a $90 hourly rate. *See* Plaintiff's Exh. 7 ([Fee Invoice] ("*Baker* Invoice"), Exh. A to EAJA Application for Fees and Expenses, *Baker v. Colvin*, No. 1:13-cv-00134-DBH (D. Me.)).[5] By the plaintiff's calculations, application of the PPI/Legal yields an hourly rate of $103.55, and application of the CPI-U/Northeast Services yields an hourly rate of $102.60. *See* Plaintiff's Exh. 12 (Plaintiff's Demonstrative Aid A – Change in the CPI).

Finally, the plaintiff contended that these indices should be used only to establish a "floor" for market-rate paralegal fees. She asserted that she had demonstrated that the market rate for experienced, specialized paralegals in this district is at least $110 an hour, as a result of which her request for an EAJA paralegal fee award at that hourly rate for the services of her experienced paralegals should be approved.

With the benefit of the evidentiary hearing and oral argument held on November 19, 2018, I recommend that the court find that the market rate for experienced paralegals assisting in Social

---

[5] The invoice submitted in *Baker* indicates that paralegal services were initially performed in September 2013, not July 2013. *See Baker* Invoice. However, because, as explained below, I find a different starting point appropriate, nothing turns on the discrepancy.

Security disability appeal cases in this district has risen to $105 per hour, as evidenced primarily by certain testimony of Attorney Mittel and the application of the PPI/Legal index.

### A. Testimony of Attorney Mittel

I give great weight to the testimony and declaration of Attorney Mittel that, among lawyers engaged in work in this court that is somewhat comparable to that performed by Attorney Jackson and his paralegal -- for example, the defense of ERISA-based disability claims and the defense of medical malpractice claims -- paralegal rates exceed $100 per hour, except in some cases in which an insurance carrier is paying, qualifying the carriers (who Mittel testified pay legal bills promptly) for a discount. *See* Plaintiff's Exh. 6 (Supplemental Declaration of Robert Edmond Mittel ("Suppl. Mittel Decl.")) ¶ 8.

Attorney Mittel also testified, as did Attorney Jackson, that $110 per hour is a reasonable, appropriate rate for the work of Attorney Jackson's paralegal Bradley Enna and, in fact, probably lower than current market rates for some specialized paralegals assisting in civil litigation in this community, particularly those involved in intellectual property litigation. *See also* Suppl. Mittel Decl. ¶ 3. However, this testimony rests on footings that are simultaneously too narrow and too broad, falling short of establishing that $110 is the market rate for experienced Social Security paralegals in this district.

First, it pertains solely to the work of paralegal Enna, who received a Juris Doctorate from the University of Pennsylvania Law School and practiced law at the law firm of Skadden, Arps, Slate, Meagher & Flom LLP before suffering a closed head injury. Second, it relies on comparison between the services of Enna and those of specialized paralegals in civil litigation in this community generally, including those involved in intellectual property litigation. Yet, this court has declined to assume that the market rate for the work of Social Security paralegals is equivalent

to that of other specialized, experienced paralegals, *see, e.g.*, *Pearson v. Astrue*, Civil No. 1:11-CV-252-DBH, 2012 WL 837243, at *1 (D. Me. Mar. 12, 2012) (court was "not prepared to say, without evidence, that the market rate for paralegal services in social security cases is equivalent to that for copyright, trademark and patent infringement cases"), and the plaintiff offered no evidence at hearing that specialized paralegals as a group are fair comparators. To the contrary, the testimony of Attorney Mittel, as a whole, fairly can be construed to indicate that, while the market rate for paralegals assisting in the types of litigation most comparable to Social Security work typically exceeds $100, it is below $110. While Attorney Mittel did testify that Enna's work is comparable to that of an experienced trademark paralegal, for reasons discussed below, that testimony, even accepted at face value, does not bridge the gap to a rate of $110.

### B. PPI/Legal Index

I also rely in part on the PPI/Legal index, rather than the CPI-U-ALL or the CPI-U/Northeast Services, because it is the BLS index most closely tailored to answering the question presented here: the degree to which the market rate for experienced Social Security paralegals in this district has risen. Whereas the PPI/Legal index solely addresses the price rise in legal services, the CPI-U-ALL measures price increases in goods and services, and the CPI-U/Northeast Services measures price increases in services provided in the Northeast, presumably running the gamut from unskilled, minimum-wage services to those performed by highly compensated professionals. While the CPI-U/Northeast Services is more tailored geographically, the geographic region covered is still too large to make it of greater probative value than the nationwide PPI/Legal index. The PPI/Legal index, while not a perfect fit, thus is the best fit available on the record before me.

At hearing, the commissioner's counsel advocated for the use of the CPI-U-ALL, the same index adopted in *Quint* to calculate increases in attorney fees above the statutory $125 cap.

7

However, as the plaintiff's counsel argued at hearing, this court adopted the CPI-U-ALL to serve the materially different purpose of making fee adjustments above the nationwide $125 cap imposed by the EAJA. *See Quint*, 2006 WL 1495004, at *3 (noting that "[t]he national index ensures that the cost-of-living adjustment [above the $125 cap] is uniform for all attorney's fee awards throughout the United States[,] thereby equalizing the impact on the public fisc") (citation and internal quotation marks omitted). By contrast, because the plaintiff seeks paralegal fees in an amount below the $125 cap, she is entitled to a fee award "based upon prevailing market rates for the kind and quality of the services furnished[.]" 28 U.S.C. § 2412(d)(2)(A).

Notwithstanding the foregoing, I apply the PPI/Legal index to a different time period than those proposed by either side. I decline to use *Baker* as a point of reference because, in that case, the parties entered into a settlement agreement regarding the EAJA fee award sought, *see* Plaintiff's Exh. 7 (Settlement Agreement, *Baker*), and I decline to use *Knudsen* as a point of reference because, in the earlier case of *Poissant v. Colvin*, No. 2:13-cv-00162-GZS (D. Me.), this court, for the first time, approved fees for a Social Security paralegal's work at a $90 rate over the commissioner's objection, *see* Plaintiff's Exh. 8 (Defendant's Partial Opposition to Plaintiff's EAJA Application for Fees and Expenses ("*Poissant* Motion"), *Poissant*; Order, *Poissant*).

By my calculations, application of the PPI/Legal index for the period from October 2013, when paralegal work was initially performed in *Poissant*, *see* Plaintiff's Exh. 8 ([Fee Invoice], Exh. A to *Poissant* Motion), through September 2018, when paralegal work was most recently performed in the case of *Buck S.*, *see* [Fee Invoice], Exh. A (ECF No. 21-1) to EAJA Application for Fees and Expenses (ECF No. 21), *Buck S.*, yields a 14.4 percent increase, resulting in an hourly

8

paralegal rate of $102.96.[6] For ease of application, and in recognition of the fact that the setting of an appropriate fee is not an exact science, I round that number to $105. For the reasons discussed below, I conclude that neither the plaintiff's additional evidence nor the commissioner's evidence counsels against that finding.

### C. Other Evidence

#### 1. Surveys of Paralegal Billing Rates

In support of the requested increase to a $110 hourly rate, the plaintiff also introduced evidence that (i) the median paralegal rate for all paralegals in Maine was $110 in 2015-16, *see* Plaintiff's Exh. 4 (Ronald L. Burdge, Esq., United States Consumer Law Attorney Fee Survey Report 2015-16 ("Burdge Report")) at 80, and (ii) average hourly billing rates for paralegal work were $111 in the New England/Mid East region in 2014 and $137 in 2016, *see* Plaintiff's Exh. 3 (NALA [National Association of Legal Assistants]: The Paralegal Association, 2016 National Utilization & Compensation Survey Report ("NALA Report")) at 21.

The probative value of the Burdge Report is lessened, however, by its lack of indication of how many of the 721 survey participants reported on paralegal fees in Maine, *see* Burdge Report at 1, 80, and that of the NALA Report is lessened by the sheer size of the New England/Mid East region, encompassing the District of Columbia and 11 states, including New Jersey, New York, and Pennsylvania, and the fact that data was gathered from only two participants in Maine and only seven from the entire New England region, *see* NALA Report at 9. In addition, neither report clarifies whether its data encompasses the work of Social Security paralegals.

---

[6] I derived that rate by determining the percentage increase from the PPI/Legal index's baseline of 188.6 in October 2013 to its preliminary baseline of 215.7 in September 2018, applying that percentage (14.4 percent) to $90, and adding the resulting figure ($12.96) to $90. *See* Plaintiff's Exh. 10.

9

Nevertheless, an hourly rate of $105 for experienced Social Security paralegals in the District of Maine is not inconsistent with either the Burdge Report's finding that the median paralegal rate in Maine was $110 in 2015-16 or the NALA Report's finding that average hourly billing rates in the New England/Mid East region were $137 in 2016. Put differently, these reports neither carry the plaintiff's burden of proving that the market rate for experienced Social Security paralegals in this district is $110 an hour nor undercut the finding that it is $105.

### 2. Awards of Paralegal Fees in Non-Social Security Cases

Finally, in support of the requested $110 per hour paralegal rate, the plaintiff submitted the affidavits of Attorneys Bopp-Stark and Montgomery filed in support of fee requests in non-Social Security cases, *see* Plaintiff's Exhs. 1-2, and a list of 10 non-Social Security cases in which this court has awarded paralegal fees at hourly rates ranging from $90 to $112, *see* Plaintiff's Exh. 13 (Plaintiff's Demonstrative Aid B – Rates Awarded for Paralegal Services in Previous Cases); *see also* Plaintiff's Authorities.

At hearing, the plaintiff's counsel argued that this court no longer distinguishes between fees for experienced Social Security paralegals and fees for other specialized, experienced paralegals; in any event, other courts do not do so; and, further, Attorney Mittel's testimony established that Enna's work is comparable to that of an experienced paralegal specializing in trademark litigation, demonstrating that the requested hourly rate of $110 is reasonable in view of this court's award of paralegal fees at an hourly rate of $112 in the trademark infringement case of *Nationwide Payment Solutions, LLC v. Plunkett*, No. 2:09-cv-600-GZS, 2012 WL 234852 (D. Me. Jan. 24, 2012) (rec. dec., *aff'd* Feb. 15, 2012).

These arguments do not carry the day.

First, this court continues to hold that mere citation to non-Social Security cases in which this court has awarded fees for work by specialized, experienced paralegals at higher rates does not carry a Social Security claimant's burden to demonstrate that an award at that rate is appropriate in this context. *See, e.g.*, *Manniello v. Berryhill*, No. 1:17-cv-00051-GZS, 2018 WL 881757, at *2 (D. Me. Feb. 14, 2018) (rec. dec., *aff'd* Mar. 1, 2018) (evidentiary showing made in bid for $110 per hour paralegal rate deficient when, *inter alia*, cases cited were "not Social Security appeals cases").

Second, while the plaintiff's counsel cited *Ulugalu v. Berryhill*, Case No.: 3:17-cv-01087-GPC-JLB, 2018 WL 2012330 (S.D. Cal. Apr. 30, 2018), and *Moreno v. Comm'r of Soc. Sec.*, Case No. 1:16-cv-1600-SAB, 2018 WL 2388805 (E.D. Cal. May 25, 2018), as examples of cases in which courts did not distinguish between hourly rates for Social Security paralegals and other types of paralegals in determining EAJA fee awards, requested paralegal rates in both cases were unopposed, and in *Ulugalu*, the court nevertheless reduced the requested paralegal hourly rate of $125 to $100. *See Ulugalu*, 2018 WL 2012330, at *4; *Moreno*, 2018 WL 2388805, at *3.[7]

Third, and finally, while Attorney Mittel testified that, in his opinion, the paralegal work performed by Enna was equivalent to paralegal work in trademark cases and, if anything, more complex than trademark work, the plaintiff's reliance on the hourly rate of $112 awarded in *Plunkett* is misplaced. The defendant in *Plunkett* filed no objection to the fee request, and, in deeming the requested paralegal fee award at rates ranging from $90 to $112 reasonable, the court relied not on market rate evidence but, rather, on citation to a then-recent case in which a paralegal fee rate of $100 was found reasonable. *See Plunkett*, 2012 WL 234852, at *1, 3. Most recently, this court has awarded fees for experienced, specialized paralegals in non-Social Security cases at

---

[7] These were the two cases from other jurisdictions cited by the plaintiff in her pre-hearing statement of authorities. *See* Plaintiff's Authorities.

an hourly rate of $105. *See Dorr v. Woodlands Senior Living or Brewer, LLC*, 1:15-cv-00092-JCN, 2017 WL 4329765, at *2 (D. Me. Sept. 29, 2017); *Prescott v. Rumford Hosp.*, 2:13-cv-00460-JDL, 2016 WL 3406079, at *2 (D. Me. June 17, 2016).

### 3. Commissioner's Evidence

The commissioner's evidence does not call into question my finding that the market rate for experienced Social Security paralegals in this district has risen to $105 per hour. The affidavit of Assistant Regional Counsel Vanegas states that it has been her practice, commensurate with court precedent in the District of Maine, to direct attorneys in the OCG's Boston regional office not to agree to more than $90 per hour for paralegal rates and that, to the best of her knowledge, no court has awarded more than $90 per hour for such services in the Districts of Maine, New Hampshire, Massachusetts, or Rhode Island. *See* Defendant's Exh. 1. However, this begs the question of whether an increase in those rates is warranted, and the commissioner's counsel conceded that it was, albeit only to between $96 and $97. The fact that, in 2016 and 2018 cases, the plaintiff's attorney's law firm sought and was awarded EAJA paralegal fees for work in Social Security cases at a $90 rate by the United States District Court for the District of Massachusetts, *see* Defendant's Exh. 2 (*Sinclair v. Berryhill*, 284 F. Supp.3d 111, 116-17 (D. Mass. 2018)); Defendant's Exh. 3 (*Dine v. Colvin*, Civil Action No. 15-cv-10140-ADB, 2016 WL 7256762, at *3 n.5 (D. Mass. Dec. 15, 2016)), also begs the question of whether, on the showing made here, an increase is warranted.

In sum for the foregoing reasons, I recommend that the court award fees for the work of the plaintiff's attorney's experienced paralegals at a $105 hourly rate.

## D. Future Adjustment of Rate for Social Security Paralegals

I address one final point: the commissioner's suggestion that, going forward, the court automatically adjust the paralegal rate in Social Security cases in accordance with the CPI-U-ALL. It is not the job of the court to adjust such rates automatically but, rather, to review fee petitions. That said, in view of the parties' long-running dispute over appropriate paralegal rates and the time consumed in resolving this issue by way of an evidentiary hearing, I agree that the court should pick a measure by which such rates should be adjusted going forward.

I recommend that, until such time as this court approves EAJA Social Security paralegal rates exceeding the statutory $125 cap, those rates be adjusted by application of the PPI/Legal index. As discussed above, while this index is not perfectly suited to the task, it is the best suited of the three BLS indices proposed by the parties to determine an appropriate adjustment in the market rate for the services of Social Security paralegals in this district. Once the court determines that the market rate for Social Security paralegals has hit the $125 cap, the appropriate EAJA hourly rate should be adjusted in accordance with the CPI-U-ALL, consistent with this court's ruling in *Quint*.[8]

---

[8] The plaintiff takes the position that, in *Richlin*, the Supreme Court "held that recovery of paralegal fees, like expert fees under EAJA, is neither cost based, nor 'capped' by the statute as attorney's fees are." Motion at [4]. My research indicates that neither this court nor the First Circuit has addressed this point and that there is a split in opinion among courts that have. *Compare, e.g., Conservation Force v. Salazar*, 916 F. Supp.2d 15, 27 (D.D.C. 2013) ("[p]aralegal fees are not subject to the EAJA cap, and so may be recovered at prevailing market rates") *with, e.g., BCPeabody Constr. Servs., Inc. v. United States*, 117 Fed. Cl. 408, 416 (Fed. Cl. 2014) (Supreme Court in *Richlin* "determined that paralegal fees under EAJA should be considered attorneys' fees and awarded at prevailing market rates, not to exceed the $125 statutory cap applicable to attorneys' fees"); *Abusamhadaneh v. Taylor*, No. 1:11cv939 (JCC/TCB), 2013 WL 193778, at *17-18 (E.D. Va. Jan. 17, 2013) (declining to award paralegal fees at $166 hourly rate on basis that EAJA limits paralegal fee rate to $125 EAJA cap with appropriate adjustments); *Advanced Diabetes Treatment Ctrs., LLC v. Sebelius*, No. 09-61698, 2012 WL 5077155, at *16 (S.D. Fla. Sept. 20, 2012) (rec. dec., *aff'd* Sept. 27, 2012) (declining, despite lack of objection by defendant, to award paralegal fees at rates exceeding $125 per hour on basis that Supreme Court in *Richlin* "has been clear that paralegal fees are to be compensated at the prevailing market rate, but are subject to the EAJA's $125/hour statutory cap"). I agree that "a nuanced reading of *Richlin* supports" the proposition that "attorneys and paralegals should be treated similarly with regard to the relevant metric upon which to predicate recovery[,] . . . lest an inflexible reading of . . . *Richlin*'s ultimate holding lead to a disingenuous result . . . by restricting attorneys to the statutory cap while allowing a paralegal to recover at the prevailing market rate in excess of the statutory cap." *Abusamhadaneh*, 2013 WL 193778, at *18; *see also Richlin*, 533 U.S. at 587-88 (observing, in

### IV. Conclusion

For the foregoing reasons, I recommend that the court **GRANT** the Motion **IN PART**, awarding EAJA fees totaling $3,051.22, consisting of $1,743.72 for 8.8 hours of attorney time at $198.15 per hour, $1,260 for 12 hours of the time of experienced paralegals at $105 per hour, and $47.50 for a half hour of the time of an inexperienced paralegal at $95 per hour, and otherwise **DENY** it.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 19th day of December, 2018.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

---

response to Government's argument that "market-based recovery [of paralegal fees] would distort litigant incentives because EAJA would cap paralegal and attorney's fees at the same rate[,]" that "[t]he Government's policy rationale . . . founders on the text of the statute, which shows that Congress was untroubled by the very distortion the Government seeks to prevent").