# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | | |
|---|---|---|
| ROSEMARY C., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 1:17-cv-00282-JDL |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration, | ) ) ) ) ) | |
| Defendant. | ) | |

## ORDER ON PLAINTIFF'S SUPPLEMENTAL MOTION FOR ATTORNEY'S FEES

This matter is before the Court on Plaintiff Rosemary C.'s Supplemental Motion for Attorney's Fees (ECF No. 37), which seeks an additional award under the Equal Access to Justice Act ("EAJA"), 28 U.S.C.A. § 2412 (West 2019), for work performed by her attorney, Francis M. Jackson, in the course of litigating her original Motion for Attorney Fees (ECF No. 16). The Defendant, Nancy A. Berryhill, Acting Commissioner of the Social Security Administration ("the Commissioner"), objects on the grounds that special circumstances make the supplemental fee award unjust under 28 U.S.C.A. § 2412(d)(1)(A). ECF No. 41 at 1-7. Alternatively, the Commissioner argues that the Court should reduce the fee award to reflect the extent to which time was expended pursuing arguments in the fee litigation that were ultimately unsuccessful. *Id.* at 7-9. For the reasons discussed below, I conclude that Rosemary C. is entitled to a supplemental fee award in the amount of $11,797.40, which is six dollars less than the $11,803.40 that she seeks.

## I. FACTUAL BACKGROUND

Rosemary C. filed this action seeking judicial review of the Social Security Administration's decision regarding her claim for disability benefits in July 2017. ECF No. 1. In December 2017, the Commissioner moved to voluntarily remand the case to the Social Security Administration for further administrative proceedings; this Court granted the motion; and judgment was entered accordingly. In March 2018, Rosemary C. filed her first motion for attorney's fees under the EAJA. The motion requested, in part, that fees be awarded at the rate of $110 per hour for twelve hours of work performed by an experienced paralegal, rather than at the $90 per hour rate that this Court had previously applied for paralegal work in Social Security disability cases. The Commissioner objected to the requested $110 per hour rate for the paralegal work, requesting that the Court apply the $90 per hour rate, but otherwise did not object to the fee award sought.

After holding an evidentiary hearing regarding the paralegal rate in the District of Maine, United States Magistrate Judge John H. Rich, III, filed his Recommended Decision (ECF No. 36) on Rosemary C.'s motion for attorney's fees, and I entered an order accepting the Recommended Decision (ECF No. 40). Rosemary's C.'s request for attorney's fees under the EAJA was granted, and a rate of $105 per hour was approved for work done by an experienced Social Security paralegal. ECF No. 36 at 12, 14. After the Recommended Decision was filed, Rosemary C. submitted her Supplemental Motion for Attorney's Fees seeking an additional fee award of $11,803.40 for time that attorneys and a paralegal at Attorney Jackson's firm spent briefing the paralegal rate issue and preparing for and attending

the evidentiary hearing, as well as Attorney Robert Mittel's expert witness fee for his testimony at the evidentiary hearing. ECF No. 37-1.

## II. LEGAL ANALYSIS

### A. Entitlement to Attorney's Fees for Fee Litigation Under the EAJA

The EAJA "directs a court to award 'fees and other expenses' to private parties who prevail in litigation against the United States if . . . the position of the United States was not 'substantially justified[,]'" and no special circumstances existed that made an award unjust. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 155 (1990) (quoting 28 U.S.C.A. § 2412(d)(1)(A)). The Commissioner employs what is, in effect, a hybrid approach to both the substantial justification and the special circumstances prongs, arguing that "special circumstances" make a supplemental award of attorney's fees in this case unjust because the position that the Commissioner took in the fee litigation was reasonable. ECF No. 41 at 2; *see* 28 U.S.C.A. § 2412(d)(1)(A).

Section "2412(d)(1)(A)'s 'safety valve' gives 'the court discretion to deny awards where equitable considerations dictate an award should not be made." *Scarborough v. Principi*, 541 U.S. 401, 422-23 (1980) (quoting H.R. Rep. No. 96-1418, p. 11 (1980)). Here, the Commissioner argues that equitable considerations make a supplemental fee award unjust because it is based on litigation regarding the paralegal rate, not litigation regarding the merits of the underlying disability claim. ECF No. 41 at 3. Therefore, the Commissioner contends, the fact that Rosemary C. prevailed on the underlying disability claim should not entitle her to recover the fees that she now seeks for the paralegal fee litigation. *Id.* Instead of looking to the parties' positions in the underlying litigation, the Commissioner argues that the supplemental fee

3

award should be denied because "it was plainly reasonable" for the Commissioner to oppose Rosemary C.'s first EAJA motion to the extent that Rosemary C. sought to raise the paralegal rate above $90 per hour. *Id.* at 4-5.

Thus, although the Commissioner does not directly rely on the substantial justification prong, her argument is in substance, if not in form, that the supplemental fee award should be denied because the Government's position in the fee litigation was substantially justified. That argument, however, is foreclosed by the Supreme Court's decision in *Commissioner, Immigration and Naturalization Service v. Jean*, 496 U.S. 154 (1990).

In *Jean*, the Supreme Court considered "whether the District Court must make a second finding of no 'substantial justification' before awarding [a prevailing party] any fees for the fee litigation." 496 U.S. at 157. The Court answered that question in the negative, concluding that "Congress intended the EAJA to cover the cost of all phases of successful civil litigation addressed by the statute." *Id.* at 166. Finding a "complete absence of textual support" for the position that a substantial justification defense may be raised at "multiple stages of an action," *id.* at 158-59, the Court explained that "[t]he single finding that the Government's position lacks substantial justification, like the determination that a claimant is a 'prevailing party,' . . . operates as a one-time threshold for fee eligibility." *Id.* at 160. Accordingly, "absent unreasonably dilatory conduct by the prevailing party in any portion of the litigation, which would justify denying fees for that portion, a fee award presumptively encompasses all aspects of the civil action." *Id.* at 161 (internal quotation marks omitted).

Here, the Commissioner did not raise a substantial justification defense in response to Rosemary C.'s initial motion for attorney's fees; in fact, she explicitly asserted that she "d[id] not contend that her position was substantially justified in this case." ECF No. 18 at 2. Rosemary C. thus surpassed the "one-time threshold for fee eligibility." *Jean*, 496 U.S. at 160. That the Commissioner's subsequent position in the fee litigation phase of this case was reasonable cannot now provide a basis to deny the requested supplemental fee award. *See id.* at 161-62 ("Any given civil action can have numerous phases. While the parties' postures on individual matters may be more or less justified, the EAJA—like other fee-shifting statutes—favors treating a case as an inclusive whole, rather than as atomized line-items."). Furthermore, even if the Commissioner's position in the fee litigation was reasonable, that position did not remove the need for a contested hearing on the amount of the fee to be awarded.

For the foregoing reasons, I conclude that no special circumstances exist that make a supplemental fee award unjust, and that Rosemary C. is entitled to a supplemental award of attorney's fees.

**B.     Amount of the Fee Award**

The Commissioner also argues that the amount of the supplemental fee award should be reduced by "at least eighty percent" to reflect the extent to which Rosemary C. spent time pursuing "unsuccessful arguments" regarding the hourly paralegal rate. ECF No. 41 at 7-8. A court can "equitably reduce[] the overall award to reflect [a] plaintiffs' less than complete success" in the underlying case "and the extent to which their legal work was aimed at contesting the government's reasonable

5

position." *McDonald v. Sec'y of Health & Human Servs.*, 884 F.2d 1468, 1480 (1st Cir. 1989) (emphasis omitted). But *Jean* counsels against applying the same rule to the fee litigation phase of a case.[1] Indeed, this Court has previously held that a supplemental motion for attorney's fees need not "await the court's resolution of a pending EAJA motion" because it is not the case that "the size of any fee award for the filing of a reply brief depends on the success of the original EAJA motion." *Staples v. Berryhill*, No. 2:15-cv-00392-DBH, 2017 WL 2570890, at *6 (D. Me. June 13, 2017) (citing *Jean*, 496 U.S. at 164), *report and recommendation adopted sub nom. Staples v. Colvin*, 2017 WL 2841215 (D. Me. July 3, 2017).

Furthermore, the facts of this case are distinguishable from those in *McDonald*, in which the First Circuit reduced the prevailing party's fee award for time devoted to litigating the underlying case. 884 F.2d at 1480. In *McDonald*, the plaintiff mounted both a facial challenge and an as-applied challenge to government regulations in the underlying case and only succeeded on the as-applied challenge. *See id.* at 1473. The court therefore "reduced the fee award to reflect the extent to which the plaintiffs' legal efforts were devoted to the facial challenge." *Id.* at 1480. Here, in contrast, Rosemary C. prevailed in the underlying case, in which the

---

[1] *McDonald* was decided the year before the Supreme Court decided *Jean*, but the First Circuit reached the same conclusion as the Supreme Court, adopting the rule that "[w]here the government's underlying position is not substantially justified, plaintiff is entitled under the EAJA to recover all attorney's fees and expenses reasonably incurred in connection with the vindication of his rights, including those related to litigation over fees, and any appeal." *McDonald*, 884 F.2d at 1480 (quoting *Trichilo v. Sec'y of Health & Human Servs.*, 832 F.2d 743, 745 (2d Cir. 1987)).

Commissioner "d[id] not contend that her position was substantially justified[.]" ECF No. 18 at 2.[2]

Finally, the Commissioner also objects to the use of the $105 per hour rate for "experienced Social Security paralegals," ECF No. 36 at 10, to calculate the fee for six tenths of an hour of work done by a paralegal during the fee litigation phase of this case, asserting that the $95 per hour rate for inexperienced paralegals, *see id.* at 14, is more appropriate. Because Rosemary C. has not demonstrated that the paralegal in question qualifies as "experienced," I apply the $95 per hour rate for inexperienced paralegals, which results in an award of $57, rather than $63, for the six-tenths of an hour of paralegal work at issue.

### III. CONCLUSION

For the reasons stated above, it is **ORDERED** that Rosemary C.'s Supplemental Motion for Attorney's Fees (ECF No. 37) is **GRANTED** and attorney's fees are awarded in the amount of $11,797.40.

**SO ORDERED.**

**Dated this 7th day of June, 2019.**

                                                                        /s/ JON D. LEVY
                                                  **CHIEF U.S. DISTRICT JUDGE**

---

[2] Even if the fee award for fee litigation *did* depend on the success of the plaintiff's original fee motion, I am not persuaded that a reduction of the supplemental fee award is warranted. The Commissioner's argument that the supplemental fee award should be reduced by eighty percent to account for time spent producing "evidence, authorities, and testimony" that was "not persuasive[,]" ECF No. 41 at 8, misconstrues the Magistrate Judge's treatment of that evidence. The fact that the Recommended Decision focused on the testimony of Attorney Mittel, *see* ECF No. 36 at 6-7, and the PPI/Legal Index, *see id.* at 7-9, does not establish that the other evidence presented by Rosemary C. was of no consequence to the outcome achieved. The additional evidence was weighed carefully by the Magistrate Judge, who found that it was "not inconsistent" with the $105 per hour rate that was ultimately established. *Id.* at 10. Thus, the evidence weighed in favor of an increase in the hourly rate for paralegal work, as Rosemary C. sought, and a reduction of the fee for the time spent presenting that evidence is not justified.